IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WARREN WILLIAMS,

                Plaintiff,

v.

DANE COUNTY NARCOTICS
TASK FORCE, CITY OF MADISON
POLICE DEPARTMENT, DETECTIVE
SELTZNER, POLICE OFFICER WEBERPAL,
SGT. MATT SCHROEDI, DETECTIVE
NORDQUIST, DETECTIVE REITMEIER,
SGT. OLSEN, DETECTIVE NIELSEN
DETECTIVE GARDNER, SPECIAL
AGENT PRIERE, POLICE OFFICER
MYER, and DEPUTY SIMPSON,

                Defendants.

ORDER

20-cv-957-wmc

---

*Pro se* plaintiff Warren Williams' complaint alleging that defendants violated his federal constitutional rights while arresting him on October 10, 2019, is under advisement for screening. 28 U.S.C. § 1915A. Williams has now filed a motion for preliminary injunctive relief against several non-defendants at the Dane County Jail. (Dkt. #19.) Specifically, Williams alleges that he has a serious allergy to eggs and beans, and is approved for a no-beans, no-eggs diet, and seeks an order enjoining the Dane County Jail food supervisor and other jail officials from serving him meals that include beans.

To obtain preliminary injunctive relief, a plaintiff must show that: 1) his underlying case has a reasonable likelihood of success on the merits; 2) no adequate remedy at law exists; and 3) he will suffer irreparable harm without the injunction. *Wood v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). Although the court is sympathetic to Williams'

circumstances and encourages his ongoing efforts to work with jail officials to address his concerns, the relief he seeks is entirely unrelated to his claims in this lawsuit, both in terms of the factual bases for the claims and the alleged wrongdoers. The allegations in Williams' motion and related submissions cannot provide the basis for injunctive relief here.

Moreover, as the Seventh Circuit has made clear, "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Williams may, of course, grieve his dietary issue through the jail and, failing there, file a new lawsuit alleging that jail officials violated his constitutional rights by failing to accommodate his dietary needs.[1] Williams may also move for preliminary injunctive relief in any such suit using the court's procedures, and the court will screen that suit and endeavor to address his request promptly. Because *this* case is not a proper vehicle for the relief he now seeks, Williams' motion for injunctive relief will be denied.

ORDER

IT IS ORDERED that plaintiff Warren Williams' motion for a preliminary injunction and/or temporary restraining order (dkt. #19) is DENIED.

Entered this 12th day of July, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[1] In his motion, Williams asserts that he has a grievance "in [the] appeal process." (Dkt. #19 at 1.) He will need to fully exhaust all his administrative remedies before filing a civil suit. 42 U.S.C. § 1997e(a).